UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Docket No.

ANDREW HIRSCHHORN, ESQ. AND ANDREW
HIRSCHHORN, ESQ. P.C., as Escrow Fiduciary
Of clients

         Plaintiff,

-against-

LAWCASH, PLAINTIFF FUNDING HOLDING, INC., d/b/a LAWCASH,
HARVEY HIRSCHFIELD, ESQUIRE BANK, ESQUIRE
CAPITAL, and DENNIS SHIELDS,
Defendants,

**COMPLAINT**

*KUNTZ, J.*

---

The Plaintiff ANDREW HIRSCHHORN, ESQ., as a Counselor and Attorney at Law, and as escrow
agent for multiple clients and on behalf of said clients as a fiduciary by and through his
attorney LAWRENCE SPIVAK, ESQ., for their Complaint in this action hereby allege as follows:

### BACKGROUND AND INTRODUCTION

1. The State of New York compels that a an institution that lends money must function as a
   licensed lender, duly approved as such by New York Banking Department, and as such
   must comply with State laws and regulations regarding such provisions such as usury
   law, and "steering" laws, amongst other provisions.

2. That prior to 2007, Defendants have targeted and sought to exploit, manipulate and
   circumvent banking laws to extend loans to economically challenged individuals who
   have pending personal injury lawsuits within New York State, and throughout the United
   States.

3. That Defendants have acted in concert to extract substantial, unreasonable and
   usurious rates of interest as high as 124% from such individuals by extending "cash
   advances."

4. That Defendants have extended these loans through an entity known as "LAWCASH"
   which is formally known as PLAINTIFF'S FUNDING HOLDING CORP/ d/b/a LAW CASH.

5. That Defendants have acted to camouflage their status as a non-licensed lender, and the usurious rate of interest by constructing contracts with self-serving descriptions that LAWCASH "purchases" an interest in the individual borrower's case, thereby seeking to circumvent banking and usury laws.

6. That Defendants have sought to circumvent judicial inquiry by investing substantial sums of money through "lobbyists" and campaign contributions such as Nebraska, Ohio, Maine, Oregon, and Texas amongst other States, and effectively buying their way out of any judicial review by "persuading" state legislatures to make laws which condone such illegal conduct through legislation, thereby removing the possibility of any judicial oversight.

7. A similar effort was attempted through an aggressive and monied lobbyist effort in New York State, but fell short of removing the aforesaid issues from judicial review due to the aggressive efforts of then acting Attorney General Elliot Spitzer.

8. Since the mid-1990s, New York's lower income and/or economically challenged base of Plaintiffs has been targeted by perpetrators of these acts of fraud. An increasing number of entities have gone into business with the purpose of circumventing the banking department and usury laws both in New York State and across the United States.

9. The issue has been presented to New York's Attorney General who has failed as yet to take a position regarding the propriety of charging APR on loans as high as 124% and merely directed that such "cash advance" companies agree to make disclosures in their loan contracts.

10. At present, other states have successfully challenged and defeated LAWCASH in the Court system such as the State of Ohio, amongst other States. However, due to aggressive campaign contributions and lobbying efforts, **despite adverse judicial rulings, the Defendants have successfully usurped the judiciary by utilizing lobbyists and funding to continue their illegal and fraudulent schemes.**

11. The problem continues throughout the nation at present. For example, in the State of Colorado, the Attorney General prevailed in an action which now is up on appeal, and despite heavy "lobbying efforts" the Defendants and similar industries have failed to obtain legislative "override" to avoid judicial and Attorney General Scrutiny.

12. That upon information and belief, and as per the admissions of the attorney who has appeared in State Court for LAWCASH, the cost of funds advanced to individual clients is approximately 16% per annum, which, even when taking into account an anticipated

    default rate, creates a "spread" of approximately 100% per annum for loans, which substantially exceeds the allowed rates under New York usury Laws.

## NATURE OF ACTION

**13.** The within action seeks to redress those loans which were extended by LAWCASH to clients of Attorney ANDREW HIRSCHHORN, and to obtain full restitution for the principal amount of loans that were extended and costs and interest that were repaid by said attorney as escrow fiduciary.

14. That this action was precipitated after Plaintiff commenced an investigation with the assistance of Attorney Generals in various states, as well as with licensed private investigators, the banking department, and his own research, after Defendants sought to sue him for loans that allegedly were outstanding and due.

15. The said lawsuit against Attorney Hirschhorn alleged that he breached a fiduciary duty, by failing to repaying loans **on cases that were still pending in the Courts.** The severe accusation that Plaintiff (1) in some way invaded escrow (2) breached a fiduciary duty to his clients (3) the lack of due diligence by Defendants; and (4) the mysterious conduct by LAWCASH during the term of professional dealings has indicated that the instant lawsuit is necessary if Attorney-Plaintiff is to indeed carry out his fiduciary duties. That incident to the aforesaid conduct by LAWCASH, an entity purporting to be a subsidiary of LAWCASH, ESQUIRE CAPITAL, extended several lines of credit to Attorney Plaintiff Hirschhorn, which loans were paid in full. At one point, ESQUIRE CAPITAL through its LAWCASH liaison dictated that Attorney HIRSCHHORN change all banking activities from his usual and customary bank, BANK OF AMERICA, and move all banking business to ESQUIRE BANK, or that the line of credit would not be extended. Attorney Hirschhorn complied with the request.

## THE PARTIES

16. Plaintiff ANDREW HIRSCHHORN is a citizen of New York State. He maintains an office for the practice of law within New York State and seeks compensation for those clients who borrowed money from LAWCASH and repaid their loans from the years 2007 through 2009.

17. Defendant PLAINTIFF FUNDING HOLDING, INC.,. is a domestic corporation duly authorized to transact business within New York State and whose citizenship is in New York State.

18. Defendant PLAINTIFF FUNDING HOLDING, INC.,. is a foreign corporation which has transacted business within New York State on a regular, consistent and systematic basis.

19. Defendant PLAINTIFF FUNDING HOLDING, INC.,. is the owner of realty within New York State.

20. Defendant PLAINTIFF FUNDING HOLDING, INC.,. Solicited business within New York State on a regular, continuous and systematic basis.

21. Defendant PLAINTIFF FUNDING HOLDING, INC.,. entered into the contracts with the individuals named below within New York State.

22. Defendant PLAINTIFF FUNDING HOLDING, INC.,. committed the tortious acts complained of within New York State.

23. Defendant LAWCASH is an entity that PLAINTIFF FUNDING HOLDING, INC.,. has filed certificates with the County Clerk and as such is legally affiliated with said entity.

24. Defendant LAWCASH committed the tortious acts complained of within New York State.

25. Defendant LAWCASH was the owner of realty within New York State.

26. Defendant LAWCASH transacted business within New York State on a regular, continuous and systematic basis.

27. Defendant LAWCASH solicited the contracts with the individuals set forth below within New York State.

28. Defendant LAWCASH solicited business within New York State on a regular, continuous and systematic basis.

29. Defendant DENNIS SHIELDS is the founder of LAWCASH or PLAINTIFF FUNDING HOLDING, INC., d/b/a LAWCASH as well as ESQUIRE BANK, and in fact sits on the Board of Directors of both LAWCASH and ESQUIRE BANK.

30. That the schemes and fraudulent activity set forth below upon information and belief was constructed, designed, and carried out with the intention and action of Defendant DENNIS SHIELDS.

31. That Defendant DENNIS SHIELDS is the owner of realty within New York State.

32. That Defendant DENNIS SHIELDS committed the tortious acts complained of within New York State.

33. That Defendant DENNIS SHIELDs is a domiciliary of the State of New York.

34. That Defendant DENNIS SHIELDS transacted business within New York State on a regular, continuous and systematic basis.

35. That Defendant HARVEY HIRSCHFIELD is the CEO of LAWCASH or PLAINTIFFS FUNDING HOLDING CORP d/b/a LAWCASH and sits on the Board of Directors of ESQUIRE BANK.

36. That Defendant HARVEY HIRSCHFIELD has acted in concerted with DENNIS SHIELDS to carry out the fraudulent and illegal schemes set forth below involving both ESQUIRE BANK and LAWCASH or PLAINTIFFS FUNDING HOLDING CORP d/b/a LAWCASH.

37. That Defendant HARVEY HIRSCHFIELD committed the tortious acts complained of within New York State.

38. That Defendant HARVEY HIRSCHFIELD was the owner of realty within New York State.

39. That Defendant HARVEY HIRSCHFIELD transacted business within New York State on a regular, continuous and systematic basis.

40. That ESQUIRE CAPITAL was an entity designated to advance lines of credit to Attorneys at Law, as a purported subsidiary of LAWCASH.

41. That ESQUIRE CAPITAL committed the tortious acts complained of within New York State.

42. That ESQUIRE CAPITAL was the owner of realty within New York State.

43. That ESQUIRE CAPITAL transacted business within New York State on a regular, continuous and systematic basis.

44. That ESQUIRE CAPITAL solicited business within New York State on a regular, continuous and systematic basis.

45. That all Defendants named herein have utilized interstate commerce to carry out their fraudulent and illegal schemes, by use of facsimile telephone mail, e-mail, conventional postal mail, telephone, and thus their fraudulent schemes have been carried out utilizing Interstate Commerce.

46. That Defendant ESQUIRE BANK is a Savings and Loan Association duly authorized to transact business within New York State.

47. That Defendant ESQUIRE BANK transacted business within New York State on a regular, continuous and systematic basis.

48. That Defendant ESQUIRE BANK committed the tortious acts complained of within New York State.

49. That Defendant ESQUIRE BANK solicited business within New York State on a regular, continuous and systematic basis.

50. That Defendant ESQUIRE BANK is the owner of realty within New York State.

51. That Defendant ESQUIRE BANK holds interests in realty such as mortgage liens within New York State.

## THE CONDUCT COMPLAINED OF

52. From 2007 through 2009, LAWCASH extended loans to Attorney's Hirschhorn's clients. The vast majority of said loans were repaid as their cases settled, and in addition to re paying principal sums, excessive interest, and costs were charged with an approximate APR of 124%, wherein as per the admission of Defendant, the borrowing cost for LAWCASH is approximately 16% per annum.

53. That upon investigating LAWCASH and interfacing with Attorney Generals from various states, LAWCASH has been under judicial scrutiny in innumerable states, but usually circumvents judicial review with a barrage of campaign contributions, lobbying and other efforts, and circumvents judicial review by "persuading" state legislatures such as Ohio, Texas, Maine, Oregon, Nebraska to enact laws to continue their conduct.

54. That although LAWCASH portrays the loans as "cash advances" wherein they purchase an interest in the lawsuit, and then "resell" it back to the individual borrower, such a representation is "self-serving" and designed to circumvent banking laws regarding usury, obtaining appropriate licensure from the banking departments, which would no doubt bring the usurious lending practices into proper scrutiny.

55. That LAWCASH, PLAINTIFF FUNDING HOLDING, INC.,., PLAINTIFF FUNDING HOLDING, INC.,. d/b/a LAWCASH are functioning as non-licensed lenders in New York State, and lend money to individuals at usurious rates.

56. As mentioned above, despite heavy lobbying efforts, LAWCASH has not obtained the approval of the New York State legislature nor the Attorney General, and in fact it was through the efforts of former attorney general ELLIOT SPITZER that their efforts to be "legitimatized" fell short after expending substantial sums of money.

57. The loans that are the subject of the instant lawsuit were solicited, entered into, and repaid all within New York State.

## STEERING ALLEGATIONS

58. That in or about summer of 2007, Attorney Hirschhorn drew a line of credit from ESQUIRE CAPITAL an entity purporting to be a subsidiary of LAWCASH, for the sum of $100,000.00. Such line of credit was solicited, and facilitated by an employee of LAWCASH who interfaced with Attorney HIRSCHHORN regarding the solicitation of client

loans for LAWCASH. An additional $50,000.00 was also extended in or about 2007 to 2008. During the course of seeking additional lines of credit, such individual indicated that as per Defendant HARVEY HIRSCHFIELD, a line of credit would only be extended if Plaintiff Hirschhorn moved his operating and IOLA accounts to ESQUIRE BANK. Such individual appeared at the office of HIRSCHHORN with application forms, and touted the benefits of ESQUIRE BANK in that they supplied equipment for electronic deposits that could be made via internet by scanning checks within the office.

59. After considering all possibilities, and lack of prejudice to his client base in moving the accounts, attorney HIRSCHHORN agreed and moved his accounts to ESQURE BANK and to utilize the Garden City, New York branch.

60. Despite being a licensed Savings and Loan, with required cash reserve requirements, ESQUIRE BANK was especially reluctant to cash client checks despite the fact that many clients did not possess bank accounts. At times, ESQUIRE BANK represented they needed to bring money from Brooklyn, or some other facility despite the fact that the amounts sought were usually below $10,000.00.

61. ESQUIRE BANK also complained repeatedly about the appearance of modestly dressed individuals who possessed valid identification and sought to cash checks, and on many occasions directed the individuals to wait for hours to cash their checks.

62. ESQUIRE BANK unilaterally terminated its relationship with Attorney Hirschhorn in or about 2011.

63. No explanation ever was offered.

64. Individuals Defendants DENNIS SHIELDS and HARVEY HIRSCHFIELD sit on the board of ESQUIRE BANK, DENNIS SHIELDS founded LAWCASH and ESQUIRE BANK, and HARVY HIRSCHFIELD is the CEO of LAWCASH.

65. Upon information and belief, Defendants PLAINTIFF FUNDING HOLDING, INC.,. d/b/a LAWCASH, LAWCASH, ESQUIRE CAPITAL, HARVEY HIRSCHFIELD, DENNIS SHIELDS and ESQUIE BANK engaged in a scheme of 'steering" in violation of New York State banking department law. The Anti-Steering rule relates analogously to The Truth in Lending Act ( TILA),which was implemented by the Board's Regulation Z ( 12 CFR Part 226).

66. Upon information and belief, Defendants PLAINTIFF FUNDING HOLDING, INC., d/b/a LAWCASH and ESQUIRE CAPITAL are working in concert to (1) effectuate the movement of large sums of money to "lobbyist" and "campaign financing" both in New York and other States to accomplish their legislative ends.

67. Upon information and belief, ESQUIRE BANK through its incestuous relationship with LAWCASH is effectively obtaining the benefit of charging exceedingly usurious loans as high as 124% due to the foregoing, yet camouflages such usurious lending by utilizing LAWCASH to make these loans as "cash advances" to Plaintiffs.

**PENDENT JURISDICTION**

68. Presently, there is a state court action brought purportedly for loans that were never paid by Plaintiff even though the cases were settled. The lawsuit was brought for no less than____ different clients, and yet only _____ cases were settled without taking the repayment amount from the client's share of the proceeds to re pay LAWCASH, Supreme Court, Kings County, 503227/2012, copies of the summons with complaints, answer, and pending motion papers are annexed hereto.

69. The shoddy, poorly investigated and "bullying" tactics in trying to collect from Plaintiff on loans that were not even due, and the abuse of process by PLAINTIFF FUNDING HOLDING, INC., and any unwillingness to negotiate in good faith, or review documentation which demonstrated that the cases sued upon were still pending in the Courts raised suspicions regarding the propriety of LAWCASH, after taking into account the foregoing.

70. Defendant LAWCASH and counsel went as far as to accuse Plaintiff of invading escrow and breaching a fiduciary duty.

71. Based upon the foregoing, a full-fledged investigation was commenced involving attorney generals from New York, Ohio, Colorado, North Carolina, and other States, and the illegal practices of (1) lending money without appropriate licensure (2) charging usurious rates came to light in almost every litigation in every state. In revisiting the loans that were made by LAWCASH to Plaintiff's clients, most of which have been repaid with ridiculously high APR, such problems exist not only in other states but in the loans made to Plaintiff's clients in New York as well.

72. During the course of interfacing with several attorney generals, the instant lawsuit was suggested, and researched.

73. The State Court lawsuit involves loans that are pending with LAWCASH; loans that were already satisfied with LAWCASH; and loans that are void due to the dismissal of the underlying actions brought on behalf of Plaintiff's clients.

74. Curiously, the latest round of papers was drawn by LEW FIDLER a former City Councilman based in Brooklyn, New York who has drawn fire for serving as both an employee of LAWCASH **AND THE NEW YORK CITY COUNCIL.** In point of fact, this individual came under scrutiny for helping extend a loan to a victim of alleged NYPD abuse, and incident to his lawsuit against the City, such councilman, assisted in helping him to finance his lawsuit against the City, the Councilman's own employer.

75. The fact that LAWCASH has its principal place of business in Kings County, former city councilman LEW FIDLER's district was in Kings County, ESQUIRE BANK is based out of Kings County, it is in the best interest of retaining propriety, as well as the interest of obtaining an impartial trial of the matters raised in the aforesaid State Court action, that the state action should be removed to this Court, rather than permitting the matters to remain in separate Courts.

76. Moreover, the two actions involve common issues of law and fact, that is the right of LAWCASH and the co Defendants to seek redress for alleged unpaid loans, as well as their liability for operating as an unlicensed lender, violating usury laws, and engaging in a steering scheme, which issues may arise in both actions, and should be heard by one trier of fact.

77. Federal jurisdiction in the within case is based upon the fact that the conduct of Defendants violates Federal Banking Law under the N.Y. BNK. Law 340: NY Code-Section 340, utilizing interstate commerce to carry out the aforesaid schemes and potential illegal lobbying efforts, and the Civil Rico statute, 18 U.S.C. 1964.

78. Thus, under the doctrine of pendent jurisdiction, section 42 U.S.C.A. § 2000a et seq., it is requested that the State Court action be removed and joined to the instant federal court lawsuit.

79. That in or about November of 2009, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Diana Spencer.

80. That the said loan was repaid in the sum of $938.96, for cost, interest and principal on April 2, 2013.

81. That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

82. That the said loan constitutes as a predatory loan as defined under the Banking Law § 6-I, General Business Law § 771-a.

83. That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

84. That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

85. That in or about October of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with David Perez.

86. That the said loan was repaid in the sum of $4,365.00, for cost, interest and principal on July 4, 2008.

87. That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

88. That the said loan constitutes a predatory loan as defined under the Banking Law § 6-I, General Business Law § 771-a.

89. That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited

90. That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

91. That in or about November of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Shantel Anderson.

92. That the said loan was repaid in the sum of $1,384.92, for cost, interest and principal on August 19, 2008.

93. That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

94. That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

95. That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited

96. That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

97. That in or about November of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Laschelle Cunningham.

98. That the said loan was repaid in the sum of $1,215.12, for cost, interest and principal on August 19, 2008.

99. That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

100.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

101.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited

102.     That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

103.     That in or about June of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Emel Ennis.

104.     That the said loan was repaid in the sum of $4,995.65, for cost, interest and principal on March 26, 2008.

105.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

106.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

107.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited

108.     That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

109.     That in or about September of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with James Mccoy.

110.     That the said loan was repaid in the sum of $1,049.43, for cost, interest and principal on June 17, 2008.

111.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

112.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

113.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

114.     That Defendants engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

115.     That in or about August of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Lorretta Johnson.

116.     That the said loan was repaid in the sum of $1,146.85, for cost, interest and principal on May 2, 2008.

117.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

118.    That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

119.    That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

120.    That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

121.    That in or about July of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Harry Scott.

122.    That the said loan was repaid in the sum of $1,526.55, for cost, interest and principal on April 8, 2008.

123.    That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

124.    That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

125.    That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

126.    That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

127.    That in or about July of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Marie Joseph.

128.    That the said loan was repaid in the sum of $1,135.23, for cost, interest and principal on April 2, 2008.

129.    That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

130.    That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

131.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

132.     That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

133.     That in or about November of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Owen Thomas.

134.     That the said loan was repaid in the sum of $900.00, for cost, interest and principal on August 8, 2008.

135.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

136.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

137.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

138.     That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

139.     That in or about November of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Venise Vudmin.

140.     That the said loan was repaid in the sum of $1,000.00, for cost, interest and principal on August 8, 2008.

141.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

142.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

143.    That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

144.    That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

145.    That in or about July of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Ashmar Rose.

146.    That the said loan was repaid in the sum of $1,185.00, for cost, interest and principal on April 15, 2008.

147.    That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

148.    That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

149.    That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

150.    That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

151.    That in or about November of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Anton Lowe.

152.    That the said loan was repaid in the sum of $1,917.00, for cost, interest and principal on August 26, 2008.

153.    That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

154.    That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

155. That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

156. That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

157. That in or about May of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Shane Gordon.

158. That the said loan was repaid in the sum of $1,649.16, for cost, interest and principal on February 19, 2008.

159. That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

160. That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

161. That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

162. That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

163. That in or about July of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Elise Vincent.

164. That the said loan was repaid in the sum of $2,509.00, for cost, interest and principal on April 22, 2008.

165. That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

166. That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

167.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

168.     That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

169.     That in or about July of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Kan Tarner.

170.     That the said loan was repaid in the sum of $4,420.14, for cost, interest and principal on April 22, 2008.

171.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

172.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

173.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

174.     That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

175.     That in or about November of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Ronald Wilson.

176.     That the said loan was repaid in the sum of $943.13, for cost, interest and principal on August 15, 2008.

177.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

178.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

179.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

180.     That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

181.     That in or about July of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Ricardo Brown.

182.     That the said loan was repaid in the sum of $900.00, for cost, interest and principal on April 11, 2008.

183.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

184.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

185.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

186.     That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

187.     That in or about November of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Alf Fleury.

188.     That the said loan was repaid in the sum of $2,080.00, for cost, interest and principal on August 13, 2008.

189.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

190.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

191.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK

LAW § 340: NY Code-Section 340: Doing business without license prohibited.

192.    That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

193.    That in or about September of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Robert Walls.

194.    That the said loan was repaid in the sum of $1,828.49, for cost, interest and principal on June 17, 2008.

195.    That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

196.    That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

197.    That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

198.    That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

199.    That in or about August of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Wallace Simon.

200.    That the said loan was repaid in the sum of $1,519.99, for cost, interest and principal on May 2, 2008.

201.    That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

202.    That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

203.    That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

204.    That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

205.    That in or about July of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Talicka Blake.

206.    That the said loan was repaid in the sum of $2,000.00, for cost, interest and principal on April 15, 2008.

207.    That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

208.    That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

209.    That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

210.    That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

211.    That in or about August of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Edgar Velez.

212.    That the said loan was repaid in the sum of $1,530.81, for cost, interest and principal on May 20, 2008.

213.    That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

214.    That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

215.    That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

216.    That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

217.     That in or about July of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Naiydi Collazos.

218.     That the said loan was repaid in the sum of $1,015.54, for cost, interest and principal on April 11, 2008.

219.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

220.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

221.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

222.     That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

223.     That in or about July of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Edwin Burke.

224.     That the said loan was repaid in the sum of $1,358.49, for cost, interest and principal on April 4, 2008.

225.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

226.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

227.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

228.     That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

229.     That in or about November of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Richard Van Horne.

230.     That the said loan was repaid in the sum of $1,343.47, for cost, interest and principal on August 14, 2008.

231.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

232.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-I, General Business Law § 771-a.

233.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

234.     That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

235.     That in or about March of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Nicholas Furze.

236.     That the said loan was repaid in the sum of $2,560.47, for cost, interest and principal on December 14, 2007.

237.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

238.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-I, General Business Law § 771-a.

239.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

240.     That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

241.     That in or about April of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Roberto Santiago.

242.     That the said loan was repaid in the sum of $1,057.00, for cost, interest and principal on January 4, 2008.

243.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

244.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

245.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

246.     That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

247.     That in or about May of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Karen Conklin.

248.     That the said loan was repaid in the sum of $1,218.72, for cost, interest and principal on February 26, 2008.

249.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

250.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

251.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

252.     That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

253.    That in or about April of 2007, Defendant's Law Cash, PLAINTIFF FUNDING
HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a
loan contract with Walter Robinson.

254.    That the said loan was repaid in the sum of $1225.00, for cost, interest and
principal on January 27, 2008.

255.    That the said loan charged an interest rate higher than 30% APR and as high as
124% APR and is usurious.

256.    That the said loan constitutes a predatory loan as defined under the Banking Law
§ 6-l, General Business Law § 771-a.

257.    That the said loan was given by a NY lender or NY bank without having the
requisites of State banking license, which is prohibited as defined under the NY. BNK
LAW § 340: NY Code-Section 340: Doing business without license prohibited.

258.    That Defendant's engaged in the business of lending money as a bank institution
absent requisite New York State License or Approval.

259.    That in or about January of 2007, Defendant's Law Cash, PLAINTIFF FUNDING
HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a
loan contract with Igor Yusupov.

260.    That the said loan was repaid in the sum of $2395.00, for cost, interest and
principal on October 2, 2007.

261.    That the said loan charged an interest rate higher than 30% APR and as high as
124% APR and is usurious.

262.    That the said loan constitutes a predatory loan as defined under the Banking Law
§ 6-l, General Business Law § 771-a.

263.    That the said loan was given by a NY lender or NY bank without having the
requisites of State banking license, which is prohibited as defined under the NY. BNK
LAW § 340: NY Code-Section 340: Doing business without license prohibited.

264.    That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

265.    That in or about January of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Abdul Ghaffar.

266.    That the said loan was repaid in the sum of $905.95, for cost, interest and principal on October 2, 2007.

267.    That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

268.    That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

269.    That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

270.    That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

271.    That in or about July of 2007, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Elise Vincent.

272.    That the said loan was repaid in the sum of $2,509.00, for cost, interest and principal on April 22, 2008.

273.    That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

274.    That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

275.    That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

276.    That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

277.    That in or about January of 2011, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Marcus Archer.

278.    That the said loan was repaid in the sum of $6,250.00, for cost, interest and principal on September 29, 2011.

279.    That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

280.    That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

281.    That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

282.    That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

283.    That in or about December of 2010, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Pete Papadionisopoulos.

284.    That the said loan was repaid in the sum of $7,500.00, for cost, interest and principal on August 8, 2011.

285.    That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

286.    That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

287.    That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

288.    That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

289.     That in or about June of 2010, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Lawrence Danielson.

290.     That the said loan was repaid in the sum of $500.00 for cost, interest and principal on March 7, 2011.

291.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

292.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

293.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

294.     That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

295.     That in or about May of 2010, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Maxi Martinez.

296.     That the said loan was repaid in the sum of $2,000.00, for cost, interest and principal on February 7, 2011.

297.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

298.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

299.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

300.     That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

301.     That in or about February of 2010, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Kevin Ruise.

302.     That the said loan was repaid in the sum of $1,800.00, for cost, interest and principal on November 30, 2010.

303.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

304.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

305.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

306.     That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

307.     That in or about February of 2010, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Paul Guerrero.

308.     That the said loan was repaid in the sum of $6,000.00, for cost, interest and principal on November 12, 2020.

309.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

310.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

311.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

312.     That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

313.     That in or about January of 2010, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Batista Ana Bernard.

314.     That the said loan was repaid in the sum of $1,000.00, for cost, interest and principal on October 13, 2010.

315.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

316.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

317.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

318.     That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

319.     That in or about December of 2010, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Rolvel Judge.

320.     That the said loan was repaid in the sum of $2,750.00, for cost, interest and principal on September 20, 2010.

321.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

322.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

323.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

324.     That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

325.     That in or about October of 2009, Defendant's Law Cash, PLAINTIFF FUNDING
HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a
loan contract with Jermaine Green.

326.     That the said loan was repaid in the sum of $900.00, for cost, interest and
principal on July 2, 2010.

327.     That the said loan charged an interest rate higher than 30% APR and as high as
124% APR and is usurious.

328.     That the said loan constitutes a predatory loan as defined under the Banking Law
§ 6-I, General Business Law § 771-a.

329.     That the said loan was given by a NY lender or NY bank without having the
requisites of State banking license, which is prohibited as defined under the NY. BNK
LAW § 340: NY Code-Section 340: Doing business without license prohibited.

330.     That Defendant's engaged in the business of lending money as a bank institution
absent requisite New York State License or Approval.

331.     That in or about August of 2009, Defendant's Law Cash, PLAINTIFF FUNDING
HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a
loan contract with Frank Pincall.

332.     That the said loan was repaid in the sum of $3,134.23, for cost, interest and
principal on May 7, 2010.

333.     That the said loan charged an interest rate higher than 30% APR and as high as
124% APR and is usurious.

334.     That the said loan constitutes a predatory loan as defined under the Banking Law
§ 6-I, General Business Law § 771-a.

335.     That the said loan was given by a NY lender or NY bank without having the
requisites of State banking license, which is prohibited as defined under the NY. BNK
LAW § 340: NY Code-Section 340: Doing business without license prohibited.

336.     That Defendant's engaged in the business of lending money as a bank institution
absent requisite New York State License or Approval.

337.     That in or about August of 2009, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Angela Davis.

338.     That the said loan was repaid in the sum of $4,706.55, for cost, interest and principal on May 3, 2010.

339.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

340.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

341.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

342.     That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

343.     That in or about August of 2009, Defendant's Law Cash, PLAINTIFF FUNDING HOLDING, INC.,., d/b/a Law Cash, Harvey Hirschfield, and Dennis Shields entered into a loan contract with Clyde Copeland.

344.     That the said loan was repaid in the sum of $2,972.88, for cost, interest and principal on May 3, 2010.

345.     That the said loan charged an interest rate higher than 30% APR and as high as 124% APR and is usurious.

346.     That the said loan constitutes a predatory loan as defined under the Banking Law § 6-l, General Business Law § 771-a.

347.     That the said loan was given by a NY lender or NY bank without having the requisites of State banking license, which is prohibited as defined under the NY. BNK LAW § 340: NY Code-Section 340: Doing business without license prohibited.

348.     That Defendant's engaged in the business of lending money as a bank institution absent requisite New York State License or Approval.

## AS AND FOR A FIRST CAUSE OF ACTION

349.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "349" as if set forth more fully herein.

350.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Diana Spencer in the amount of $938.96 times three.

351.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $2,816.88

## AS AND FOR A SECOND CAUSE OF ACTION

352.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "351" as if set forth more fully herein.

353.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant David Perez in the amount of $4,365.00 times three.

354.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $13,095.00

## AS AND FOR A THIRD CAUSE OF ACTION

355.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "354" as if set forth more fully herein.

356.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Shatee Anderson in the amount of $1384.92 times three.

357.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $4,154.76

## AS AND FOR A FOURTH CAUSE OF ACTION

358.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "357" as if set forth more fully herein.

359.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Laschelle Cunningham in the amount of $1215.12 times three.

360.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $3,645.36.

## AS AND FOR A FIFTH CAUSE OF ACTION

361.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "360" as if set forth more fully herein.

362.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Emel Ennis in the amount of $4995.65 times three.

363.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $14,986.95

## AS AND FOR A SIXTH CAUSE OF ACTION

364.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "363" as if set forth more fully herein.

365.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant James Mccoy in the amount of $1049.43 times three.

366.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $3148.29

## AS AND FOR A SEVENTH CAUSE OF ACTION

367.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats,

reiterates and realleges each and every allegation contained in paragraphs "1" through "366" as if set forth more fully herein.

368.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Loretta Johnson in the amount of $1,146.85 times three.

369.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $3,440.55

## AS AND FOR AN EIGHTH CAUSE OF ACTION

370.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "369" as if set forth more fully herein.

371.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Harry Scott in the amount of $1,526.55 times three.

372.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $4,579.65

## AS AND FOR A NINETH CAUSE OF ACTION

373.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "372" as if set forth more fully herein.

374.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Marie Joseph in the amount of $1,135.23 times three.

375.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $3,405.69

## AS AND FOR A TENTH CAUSE OF ACTION

376.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "375" as if set forth more fully herein.

377.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Owin Thomas in the amount of $900.00 in times three.

378.    Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $2,700.00.

## AS AND FOR A ELEVENTH CAUSE OF ACTION

379.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "378" as if set forth more fully herein.

380.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Venise Vudmin in the amount of $1,000.00 in times three.

381.    Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $3,000.00

## AS AND FOR A TWELFTH CAUSE OF ACTION

382.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "381" as if set forth more fully herein.

383.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Ashmar Rose in the amount of $1,185.00 in times three.

384.    Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $3,555.00

## AS AND FOR A THIRTEEN CAUSE OF ACTION

385.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "384" as if set forth more fully herein.

386.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Anton Lewis in the amount of $1,917.00 times three.

387.    Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $5,751.00.

## AS AND FOR A FOURTEEN CAUSE OF ACTION

388.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "387" as if set forth more fully herein.

389.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Shane Gordon in the amount of $1,649.16 times three.

390.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $4,947.48

## AS AND FOR A FIFTEEN CAUSE OF ACTION

391.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "390" as if set forth more fully herein.

392.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Kan Tarner in the amount of $4,420.14 times three.

393.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $13,260.42

## AS AND FOR A SIXTEEN CAUSE OF ACTION

394.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "393" as if set forth more fully herein.

395.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Ronald Wilson in the amount of $943.13 times three.

396.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $2,829.39.

## AS AND FOR A SEVENTEEN CAUSE OF ACTION

397.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "396" as if set forth more fully herein.

398.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Ricardo Brown in the amount of $900 in times three.

399.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $2,700.00

## AS AND FOR A EIGHTEEN CAUSE OF ACTION

400.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "399" as if set forth more fully herein.

401.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Alf Fleury in the amount of $2,080.00 times three.

402.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $6,240.00.

## AS AND FOR A NINETEEN CAUSE OF ACTION

403.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "402" as if set forth more fully herein.

404.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Robert Walls in the amount of $1,828.49 times three.

405.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $5,485.47.

## AS AND FOR A TWENTY CAUSE OF ACTION

406.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "405" as if set forth more fully herein.

407.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Wallace Simon in the amount of $1,519.99 times three.

408.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $4,559.97.

## AS AND FOR A TWENTY-ONE CAUSE OF ACTION

409.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "408" as if set forth more fully herein.

410.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Talicka Blake in the amount of $2,000.00 times three.

411.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $6,000.00

## AS AND FOR A TWENTY-TWO CAUSE OF ACTION

412.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "411" as if set forth more fully herein.

413.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Edgar Velez in the amount of $1,530.81 times three.

414.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $4,592.43

## AS AND FOR A TWENTY-THREE CAUSE OF ACTION

415.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "414" as if set forth more fully herein.

416.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Naiydi Collazos in the amount of $1015.54 times three.

417.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $3,046.62.

## AS AND FOR A TWENTY-FOUR CAUSE OF ACTION

418.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "417" as if set forth more fully herein.

419.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Edwin Burke in the amount of $1,358.49 times three.

420.    Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $4,075.47

## AS AND FOR A TWENTY-FIVE CAUSE OF ACTION

421.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "420" as if set forth more fully herein.

422.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Richard Van Horne in the amount of $1,343.47 in times three.

423.    Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $4,030.41.

## AS AND FOR A TWENTY-SIX CAUSE OF ACTION

424.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "423" as if set forth more fully herein.

425.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Nicholas Furze in the amount of $2,560.47 times three.

426.    Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $7,681.41.

## AS AND FOR A TWENTY-SEVEN CAUSE OF ACTION

427.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "426" as if set forth more fully herein.

428.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Roberto Santiago in the amount of $1,057.00 times three.

429.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $3,171.00.

## AS AND FOR A TWENTY-EIGHT CAUSE OF ACTION

430.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "429" as if set forth more fully herein.

431.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Karen Conklin in the amount of $1,218.72 times three.

432.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $3,656.16.

## AS AND FOR A TWENTY-NINE CAUSE OF ACTION

433.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "432" as if set forth more fully herein.

434.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Walker Robinson in the amount of $1,225.00 times three.

435.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $3,675.00

## AS AND FOR A THIRTY CAUSE OF ACTION

436.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "435" as if set forth more fully herein.

437.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Igor Yusupov in the amount of $2,395.00 times three.

438.　　Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $7,185.00.

## AS AND FOR A THIRTY-ONE CAUSE OF ACTION

439.　　Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "438" as if set forth more fully herein.

440.　　Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Abdul Ghaffar in the amount of $905.95 times three.

441.　　Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $2,717.85.

## AS AND FOR A THIRTY-TWO CAUSE OF ACTION

442.　　Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "441" as if set forth more fully herein.

443.　　Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Elsie Vincent in the amount of $2,509.00 times three.

444.　　Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $7,527.00.

## AS AND FOR A THIRTY-THREE CAUSE OF ACTION

445.　　Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "444" as if set forth more fully herein.

446.　　Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Marcus Archer in the amount of $6,250.00 times three.

447.　　Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $18,750.00.

## AS AND FOR A THIRTY-FOUR CAUSE OF ACTION

448.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "447" as if set forth more fully herein.

449.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Pete Papadionisopoulos in the amount of $7,500.00 times three.

450.    Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $22,500.00

## AS AND FOR A THIRTY-FIVE CAUSE OF ACTION

451.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "450" as if set forth more fully herein.

452.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Lawrence Danielson in the amount of $500.00 times three.

453.    Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $1,500.00

## AS AND FOR A THIRTY-SIX CAUSE OF ACTION

454.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "453" as if set forth more fully herein.

455.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Maxi Martinez in the amount of $2,000.00 times three.

456.    Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $6,000.00.

## AS AND FOR A THIRTY-SEVEN CAUSE OF ACTION

457. Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "456" as if set forth more fully herein.

458. Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Kevin Ruise in the amount of $1,800.00 times three.

459. Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $5,400.00.

## AS AND FOR A THIRTY-EIGHT CAUSE OF ACTION

460. Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "459" as if set forth more fully herein.

461. Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Paul Guerrero in the amount of $6,000.00 times three.

462. Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $18,000.00

## AS AND FOR A THIRTY-NINE CAUSE OF ACTION

463. Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "462" as if set forth more fully herein.

464. Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Batista Ana Bernard in the amount of $1,000.00 times three.

465. Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $4,000.00.

## AS AND FOR A FORTY CAUSE OF ACTION

466. Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "465" as if set forth more fully herein.

467.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Rolvel Judge in the amount of $2,750.00 times three.

468.    Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $8,250.00

## AS AND FOR A FORTY-ONE CAUSE OF ACTION

469.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "468" as if set forth more fully herein.

470.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Fril Pincall in the amount of $3,134.23.00 times three.

471.    Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $9.402.69

## AS AND FOR A FORTY-TWO CAUSE OF ACTION

472.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "471" as if set forth more fully herein.

473.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Angela Davis in the amount of $4,706.55 times three.

474.    Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $14.119.65

## AS AND FOR A FORTY-THREE CAUSE OF ACTION

475.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "474" as if set forth more fully herein.

476.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Clyde Copeland in the amount of $2,972.88 times three.

477.      Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $8,918.64

## AS AND FOR A FORTY-FOUR CAUSE OF ACTION

478.      Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "477" as if set forth more fully herein.

479.      Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Wanda McGee in the amount of $14,085.09 times three.

480.      Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $42,255.27.

## AS AND FOR A FORTY-FIVE CAUSE OF ACTION

481.      Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "480" as if set forth more fully herein.

482.      Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Anastasia McGee in the amount of $14,061.08 times three.

483.      Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $42,183.24.

## AS AND FOR A FORTY-SIX CAUSE OF ACTION

484.      Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "483" as if set forth more fully herein.

485.      Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Mervin Patrick in the amount of $6,465.99 times three.

486.      Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $19,397.97.

## AS AND FOR A FORTY-SEVEN CAUSE OF ACTION

487.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "486" as if set forth more fully herein.

488.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Reynold Brown in the amount of $6,053.53 times three.

489.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $18,160.59.

## AS AND FOR A FORTY-EIGHT CAUSE OF ACTION

490.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "489" as if set forth more fully herein.

491.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Marvin Campbell in the amount of $5,931.90 times three.

492.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $17,795.70.

## AS AND FOR A FORTY-NINE CAUSE OF ACTION

493.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "492" as if set forth more fully herein.

494.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Sheldon Downer in the amount of $10,485.75 times three.

495.     Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $31,457.25.

## AS AND FOR A FIFTY CAUSE OF ACTION

496.     Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "495" as if set forth more fully herein.

507.   ·   Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $11,732.19.

## AS AND FOR A FIFTY-FOUR CAUSE OF ACTION

508.   Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "507" as if set forth more fully herein.

509.   Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Rotchyld Cadet in the amount of $3,994.51 times three.

510.   Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $11,983.53.

## AS AND FOR A FIFTY-FIVE CAUSE OF ACTION

511.   Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "510" as if set forth more fully herein.

512.   Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Lucille Jordan in the amount of $17,979.75 times three.

513.   Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $53,939.25.

## AS AND FOR A FIFTY-SIX CAUSE OF ACTION

514.   Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "513" as if set forth more fully herein.

515.   Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Pedro Ithier in the amount of $4,615.75 times three.

516.   Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $13,847.25.

## AS AND FOR A FIFTY-SEVEN CAUSE OF ACTION

517.      Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "516" as if set forth more fully herein.

518.      Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Danielle Dillon in the amount of $5,757.74 times three.

519.      Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $17,273.22.

## AS AND FOR A FIFTY-EIGHT CAUSE OF ACTION

520.      Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "519" as if set forth more fully herein.

521.      Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Alrick Medley in the amount of $6,053.53 times three.

522.      Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $18,160.59.

## AS AND FOR A FIFTY-NINE CAUSE OF ACTION

523.      Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "522" as if set forth more fully herein.

524.      Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Jennifer Santiago in the amount of $3,552.36 times three.

525.      Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $10,657.08.

## AS AND FOR A SIXTY CAUSE OF ACTION

526.      Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "525" as if set forth more fully herein.

527.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Wilmer Diaz in the amount of $8,044.40 times three.

528.    Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $24,133.20.

## AS AND FOR A SIXTY-ONE CAUSE OF ACTION

529.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "528" as if set forth more fully herein.

530.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Monique Brown in the amount of $14,210.48 times three.

531.    Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $42,631.44.

## AS AND FOR A SIXTY-TWO CAUSE OF ACTION

532.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "531" as if set forth more fully herein.

533.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Ogechukwu Udeozo in the amount of $6,206.86 times three.

534.    Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $18,620.49.

## AS AND FOR A SIXTY-THREE CAUSE OF ACTION

535.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "534" as if set forth more fully herein.

536.    Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Victoria Colon in the amount of $7,150.51 times three.

537.   Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $21,451.53.

## AS AND FOR A SIXTY-FOUR CAUSE OF ACTION

538.   Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "537" as if set forth more fully herein.

539.   Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks restitution for the claimant Essam Elbishlawi in the amount of $6,073.41 times three.

540.   Plaintiff Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. seeks these damages in the amount of $18,220.23.

## AS AND FOR A SIXTY-FIVE CAUSE OF ACTION

541.   Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "537" as if set forth more fully herein.

542.   Plaintiff, Andrew Hirschhorn, Esq. and Andrew Hirschhorn, Esq. P.C. is entitled to recover attorney fees under the Agreements of the collection of the assigned Proceeds from the Defendants. In an amount of one-third of the amount due $854,811.55 and owing $284,937.18.

**WHEREFORE,** Plaintiff demands judgment against the defendants and in favor of the Plaintiff in the amount of $1,139.748.73 and the costs, fees and disbursements of this action and for such further relief as the Court deem just and proper.

Dated: April 17, 2013

Larry Spivak

LARRY SPIVAK, ESQ.
87-40 165th Street 1st Floor
Jamaica NY 11432
(718) 971-5339

# VERIFICATION

STATE OF NEW YORK )
                   ) .SS:
COUNTY OF QUEENS )

Andrew Hirschhorn Esq. being duly sworn deposes and says:

That I am the Plaintiff in this action. That I have read the foregoing Summons and Complaint. That the complaint is true and correct to my own knowledge, except as to those matters stated to be made upon information and belief, and as to those matters, I believe it to be true.

_____
Andrew Hirschhorn Esq.

Sworn to before me this
_17_ day of _Apr. 1_, 2013

_____
NOTARY PUBLIC

STEVEN R. MICHAELS
Notary Public, State of New York
No. 01MI6057460
Qualified in Nassau County
Commission Expires April 16, 20 _15_

**CORPORATE VERIFICATION**

Andrew Hirschhorn Esq., being duly sworn, deposes and says:

1.  That I am the President and sole shareholder of ANDREW HIRSCHHORN ESQ which at the

    time of the events in the complaint was a duly licensed professional as such by the State of

    New York.

2.  That I have reviewed the within Summons with Verified Complaint and can verily state that

    the same is true and correct to the best of my own knowledge based upon records

    maintained by the professional corporation as well as my own knowledge, except as to

    those matters stated to be made upon information and belief as to that, I believe it to be

    true.

Sworn to before me this _17_ day of

April, 2013

_____

NOTARY PUBLIC

STEVEN R. MICHAELS
Notary Public, State of New York
No. 01MI6057460
Qualified in Nassau County
Commission Expires April 16, 20 _15_

_____
Andrew Hirschhorn Esq.,
President of Andrew Hirschhorn Esq.,

## ATTORNEY VERIFICATION

Lawrence Spivak Esq., an attorney duly licensed to practice law in the Courts of New York, under penalties of perjury, affirms the foregoing to be true:

That I am counsel for Plaintiff.

That I have read the foregoing Complaint.

That the same is true and correct to my own best knowledge based upon client conference, and based upon a file maintained in my office, except as to those matters stated to be made upon information and belief and as to those matters I believe it to be true.

The reason that this Verification is made by me and not by my client is that my client resides in a County other than where my office is situated.

Dated: Rosedale, New York
April 17, 2013

Lawrence Spivak Esq.

AFFIRMATION OF SERVICE

Lawrence Spivak Esq.an attorney duly licensed to practice law in the counts of the State of New York, under penalties of perjury, affirms the following to be true:

That I am not a party to the within action, am over eighteen (18) years of age, and reside at Queens, New York.

That on the 18th day April, 2013
I served the within Summons and Complaint on

AUCIELLO LAW GROUP, P.C
26 Court Street, 11th Floor
Brooklyn, NY 11242

by enclosing a true copy thereof in a postpaid wrapper properly addressed to said party (ies) at the address(es) set forth above , and by depositing the same in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

Dated: Rosedale, New York
          April 18, 2013


                                        Larry Spivak
                                        Lawrence Spivak Esq

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    Docket No.

ANDREW HIRSCHHORN, ESQ. AND ANDREW
HIRSCHHORN, ESQ. P.C., as Escrow Fiduciary
Of clients
            Plaintiff,

-against-

LAWCASH, PLAINTIFF FUNDING HOLDING, INC., d/b/a LAWCASH,
HARVEY HIRSCHFIELD, ESQUIRE BANK, ESQUIRE
CAPITAL, and DENNIS SHIELDS,

Defendants,

---

**Summons and**
**Verified Complaint**

---

Lawrence Spivak Esq.
Attorney for Plaintiff
87-40 165th Street 1st Floor
Jamaica NY 11432
(718) 971-5339